United States District Court
Southern District of Texas

**ENTERED**
June 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUSTIN RAY STERRY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-203 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is incarcerated at the McConnell Unit, in Beeville, Texas.[1]  On April 6, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary proceeding which resulted in him losing good-time credits and commissary privileges as well as being placed on cell restriction and reduced in line class status.  (D.E. 1).[2]  On February 11, 2016, Respondent

---

[1]Petitioner is challenging a TDCJ disciplinary case he received while incarcerated at the Mark W. Stiles Unit in Beaumont, Texas.  (D.E. 1, Page 5).

[2]On August 10, 2015, Respondent filed a Motion for Summary Judgment.  (D.E. 8).  Petitioner filed a response on August 19, 2015.  (D.E. 11).  On September 28, 2015, the undersigned entered a Memorandum and Recommendation ("M & R") recommending Respondent's Motion for Summary Judgment be granted because Petitioner is not eligible for mandatory supervision and therefore, a loss of good-time credits did not support a constitutional claim.  (D.E. 12). Further, the undersigned recommended the other sanctions resulting from the disciplinary proceeding were changes in conditions of confinement, and therefore, did not implicate due process.  On December 11, 2015, this matter was recommitted to the undersigned for further consideration of these issues, specifically (1) whether petitioner is eligible for mandatory release as he pleaded guilty to two offenses, one which is ineligible for mandatory supervision and one

filed a Second Motion for Summary Judgment.  (D.E. 16).   Petitioner did not file a

response.  (D.E. 15).

For the reasons stated below, it is recommended that Respondent's Second Motion

for Summary Judgment be **GRANTED** (D.E. 16) and Petitioner's claim for habeas

corpus relief be **DISMISSED** as Petitioner is ineligible for mandatory release and the

other sanctions do not implicate due process.  It is further recommended that a Certificate

of Appealability be **DENIED**.

## I.      JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner is incarcerated in

Bee County, Texas, which is located within the Corpus Christi Division of the Southern

District of Texas.  28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*,

235 F.3d 959, 961 (5th Cir. 2000).

## II.     BACKGROUND

Petitioner does not challenge the underlying conviction but instead challenges a

TDCJ disciplinary case for the use or possession of alcohol.[3]   In case number

20150137807, Petitioner was charged with use or possession of alcohol, a Level 2, Code

---

possibly eligible for mandatory supervision and (2) whether a reduction in line class implicates
due process.  (D.E. 14).  The undersigned then entered a new deadline for dispositive motions,
directing Respondent to address the matters on or before February 15, 2016 with responses due
on or before March 17, 2016.  (D.E. 15).  On February 11, 2016, Respondent filed the pending
Second Motion for Summary Judgment.  (D.E. 16).  To date, Petitioner has not filed a response.

[3]On October 30, 2008, Petitioner was convicted of burglary of a habitation and robbery in the
second degree in the 2nd Criminal District Court of Dallas County, Texas and sentenced to ten
years imprisonment on both counts, sentences to run concurrently.  (D.E. 1, Page 2, D.E. 8, Page
2 and D.E. 8-2).

13.0 violation.[4]  (D.E. 7-2, Pages 3-4).   The punishment included (1) loss of forty-five days of commissary privileges, (2) thirty days cell restriction, (3) reduction in line class from L1 to L2, and (4) loss of 45 days good-time credits.  (D.E. 7-2, Page 3).  Petitioner's step one and step two grievances were denied on January 29, 2015 and February 13, 2015, respectively.  (D.E. 7-2, Pages 4 and 6).

On April 6, 2015, Petitioner filed the pending petition alleging there was insufficient factual evidence.  (D.E. 1, Page 6).  Even accepting Petitioner's claims as true, he is not entitled to habeas corpus relief for reasons stated below.

## III.   ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  Thus, in order to state a claim for federal habeas corpus relief Petitioner must establish a constitutional violation.

A prisoner does not have a constitutional right to a release before the expiration of a valid sentence.  *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison.  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, state laws may create a constitutional expectancy of early release.

---

[4]  TDCJ-CID, Disciplinary Rules and Procedures for Offenders can be accessed at <http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf>.

*Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000).  In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutional expectancy of early release.  *Id.*  To establish a constitutional violation Petitioner must show that he has a constitutional expectancy of early release.

## IV.   SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions.  Generally, Rule 56 applies to federal habeas corpus cases.  *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)(citation omitted).  Considering these standards, the undersigned has reviewed the merits of the Petitioner's claims and Respondent's Motion for Summary Judgment.

## V.   DISCUSSION

### A.  Loss of Good-Time Credits

Prisoners are not wholly stripped of all constitutional protections when imprisoned.  *Wolff*, 418 U.S. at 555.  A prisoner's constitutional rights are set forth in the

Due Process Clause of the Fourteenth Amendment.  However, in disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests.  *Sandin v. Conner*, 515 U.S. 472, 483-4 (1995).  These interests are generally limited to sanctions that affect the quantity of time served by a prisoner.  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

Under Texas law, a TDCJ inmate can become eligible for release in two ways: "The first is by parole and the second is under a mandatory supervised release program." *Id*.  Only mandatory supervision may create a "constitutional expectancy" of early release.  *Malchi*, 211 F.3d at 957.  However, in the pending case, Petitioner pleaded guilty to and was convicted of second degree robbery and is, therefore, ineligible for mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(11)(stating an inmate may not be released to mandatory supervision if the inmate is serving a sentence for robbery under Section 29.02, Penal Code (Robbery)); (D.E. 16-2).  While Petitioner also pleaded guilty to and was convicted of second degree burglary of a habitation which would be eligible for release to mandatory supervision, Petitioner's sentences for both offenses run concurrently.  (D.E. 16, Page 12 and D.E. 16-2).  Therefore, the Texas Legislature has specifically excluded Petitioner from being eligible for release to mandatory supervision. As such, Petitioner is not eligible for mandatory supervision and he has no constitutional expectancy of early release and no liberty interest in his lost good time.  *Malchi*, 211

F.3d at 957; *Madison*, 104 F.3d at 767-8; *Campos v. Johnson*, 958 F.Supp. 1180, 1189 (W.D. Tex. 1997); *See also* D.E. 16, Pages 6-13.

For prisoners not eligible for mandatory supervision, good-time credits only apply toward eligibility for parole.  TEX. GOV'T CODE ANN. § 498.003.  It is well established that eligibility for parole is not a constitutionally protected interest.  *See Madison*, 104 F.3d at 768.  Because release on parole is entirely speculative, there is no constitutional expectancy of parole in Texas.  *Id*.

A disciplinary action resulting in loss of good-time credits only affects eligibility for parole and, therefore, does not affect a constitutionally protected interest. Furthermore, the Fifth Circuit has ruled that if an inmate is not eligible for mandatory supervision, he "does not have a constitutional claim for which relief can be granted." *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002).  Loss of good-time credits does not support a constitutional claim in this instance, and therefore, Petitioner is not entitled to federal habeas corpus relief.

### B.  Other Sanctions[5]

The disciplinary hearing resulted in other sanctions, including (1) loss of forty-five days of commissary privileges, (2) a thirty day cell restriction, and a (3) reduction in line class from L1 to L2.  (D.E. 7-2, Page 3).

---

[5]Petitioner previously asserted he was not challenging his loss of privileges or cell restriction. (D.E. 11, Page 2).  However, in an abundance of caution, both are addressed in this M & R as they are raised in the petition.  (D.E. 1).

The sanctions against Petitioner are changes in the conditions of confinement. The Due Process Clause does not protect every adverse change in the conditions of confinement. *Sandin*, 515 U.S. at 478. Mere changes in the conditions of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison,* 104 F.3d at 768. Commissary privileges, cell restriction and adjustments to a prisoner's classification are not protected by the Due Process Clause. *See Sandin*, 515 U.S. at 486-87; *See Malchi,* 211 F.3d at 958-59; *Luken v. Scott*, 71 F.3d 192, 193-95 (5th Cir. 1995)(Changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Crowder v. TDCJ*, No. H-15-3642, 2015 WL 9256937, at *2 (S.D. Tex. Dec. 17, 2015).

While Petitioner asserts his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768; *Luken*, 71 F.3d at 193. Petitioner is ineligible for mandatory supervision and, as stated previously, because release on parole is entirely speculative, there is no constitutional expectancy of parole in Texas. *Id*. Therefore, the sanctions imposed on Petitioner do not implicate due process concerns and do not require federal habeas corpus relief.

## VI.    CERTIFICATE OF APPEALABILITY

An appeal from the final order in a habeas corpus proceeding may not be taken to the Court of Appeals "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability ("COA") will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  The district court is in the best position to determine if the petitioner has made a substantial showing, therefore, it is recommended that the district court rule on Petitioner's relief *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

Respondent's Motion for Summary Judgment requests that Petitioner's claim be denied on the merits.   The COA determination under Section 2253(c) requires an overview of the habeas petition and a general assessment of the merits.  *Miller-El*, 537 U.S. at 336.   As to claims rejected solely on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner must show that issues are debatable among reasonable jurists, and courts could resolve the issues differently.   *Alexander*, 211 F.3d at 896.

In this case, reasonable jurists would not debate the dismissal of the federal writ of habeas corpus under Section 2254, nor find that the issues are adequate to deserve encouragement to proceed.  *Miller-El*, 537 U.S. at 327.  Accordingly, it is respectfully recommended that the Court not issue a COA.

## VII.   RECOMMENDATION

For the reasons stated below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 16) and Petitioner's claim for habeas corpus relief be **DISMISSED**.  It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 8th day of June, 2016.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).